IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JON DEE MICAH PENNINGTON,

    Applicant,

v.                                                       CIV 12-0536 RB/GBW

UNITED STATES,

    Respondent.

## ORDER GRANTING IN PART AND DENYING IN PART APPLICANT'S MOTION TO OBTAIN COUNSEL OF CHOICE

    This matter comes before the Court on Applicant's Emergency Motion to District Court to Request Court Allow Petitioner to Obtain Counsel of Choice Pursuant to *Wheat v. United States*, 486 U.S. 153 (1988), *doc. 41*. On September 24, 2012, Judge Brack dismissed all of Applicant's claims save one – the claim alleging ineffective assistance of counsel due to his attorney's failure to file an appeal despite express instructions to do so. *Doc. 12*. On October 1, 2012, I ordered that an evidentiary hearing be held on that claim and that counsel be appointed to represent Applicant at the hearing. *Id*.

    Applicant moved to dismiss appointed counsel on December 3, 2012. *Doc. 17*. I delayed the evidentiary hearing and held a hearing on that motion on February 14, 2013. *Docs. 18, 24, 27*. At the hearing, I advised Applicant of the potential ramifications of dismissing his appointed counsel, including the fact that he is not entitled to the

1

appointment of substitute counsel and that he may encounter difficulties in effectively presenting evidence and arguments at the evidentiary hearing without the aid of counsel. *Doc. 27*. *See doc. 27*. Consequently, I denied the motion to dismiss counsel, and directed Applicant to file a subsequent motion to dismiss counsel if he still wished to proceed *pro se*. *Doc. 28*.

On March 11, 2013, Applicant filed a second motion to dismiss appointed counsel. *Docs. 34 & 35*. Applicant's appointed attorney then filed a motion to withdraw as counsel on March 15, 2013, stating that Applicant was uncooperative and determined to proceed *pro se*. *Doc. 37*. On March 25, 2013, I granted both of those motions and terminated appointed counsel's representation of Applicant. *Doc. 38*. Then, on April 10, 2013, Applicant filed the instant motion asking that the Court give him an opportunity "to attempt to retain counsel of choice." *Doc. 41* at 4; *see also id*. at 2 ("[T]his Court did not provide this Petitioner, with an opportunity to obtain counsel of choice.").

The Court, however, has done nothing to impede Applicant from retaining the counsel of his choice. The Court simply appointed counsel to represent Applicant as required by statute. *See doc. 12*. Notably, in Applicant's motion to dismiss counsel, while Applicant expressed a desire to proceed *pro se*, he never indicated an intention to hire counsel. *See doc. 17*. Nonetheless, Applicant is hereby advised that he may retain

counsel of his choice to represent him at the hearing on this matter.[1]  Once hired, counsel must file an entry of appearance immediately.  If hired counsel has a scheduling conflict with the currently scheduled hearing, counsel may, after filing the entry of appearance, file a motion to reset the hearing date.  Once counsel is hired, the Court will be willing to reset the hearing date.

Though the primary thrust of Applicant's motion is the request to be given an opportunity to hire counsel, he also suggests that, if he is unable to retain counsel, the Court should then "appoint the Federal Public Defender's office." *Doc. 41* at 4.  The Court will not grant this request.  Simply put, Applicant is not entitled to be appointed the counsel of his choice.  Applicant has only a statutory right to counsel.  *See Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  But even if Applicant possessed a Sixth Amendment right to counsel at his habeas evidentiary hearing, which he does not, he would still not be entitled to counsel of his choice.  The Court made this clear to Applicant at the hearing on his initial motion, explaining that should he dismiss his appointed counsel, Applicant would have to either proceed *pro se* or retain private counsel.  *See doc. 27*.  After acknowledging that he understood this, Applicant filed a second motion clearly and unequivocally requesting that his appointed counsel be dismissed and that he be permitted to represent himself.  *Docs. 34*

---

[1] The Court notes that Applicant has already been transported to a prison in southern New Mexico in anticipation of the evidentiary hearing on May 3, 2013.  Thus, he is better situated to hire counsel willing to represent him in this Court than if he were still incarcerated in Indiana.

*& 35*. Moreover, Applicant's trial counsel against whom he raises the ineffective assistance of counsel claim is a lawyer with the Federal Public Defender's Office for the District of New Mexico. Consequently, all attorneys with that office are ethically precluded from representing Applicant.

Wherefore, **IT IS HEREBY ORDERED** that Applicant's motion to obtain appointed counsel of his choice, *doc. 41*, is **GRANTED in part and DENIED in part**. Applicant is free to hire counsel of his choice to represent him at the evidentiary hearing. If retained counsel, after having filed an entry of appearance, moves this Court to reschedule the hearing, it will be rescheduled as necessary. Barring the filing of an entry of appearance by counsel, the evidentiary hearing will proceed as scheduled on May 3, 2013.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE